Filed 5/29/25  P. v. Pacheco Leon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>SOCRATES ELFEGO PACHECO LEON,<br><br>　　Defendant and Appellant. | H052655<br>(Santa Clara County<br>Super. Ct. No. C2308744) |

Defendant Socrates Elfego Pacheco Leon appeals from a 17-year determinate prison term imposed after he pleaded no contest to multiple counts of committing lewd acts on a minor.  After defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf, and he has not done so.

We include here a brief description of the facts and procedural history of the case as well as the conviction and punishment imposed.  We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440–441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)  Finding no arguable issue, we will affirm the judgment.

## I.　TRIAL COURT PROCEEDINGS

According to the probation report, a girl referred to as Jane Doe reported that defendant touched her inappropriately on multiple occasions.  When Doe was eight or

nine years old, defendant attended a gathering at Doe's home. He exposed his erect penis to Doe when they were alone in her bedroom. He grabbed Doe's hands and forced her to touch his penis. He then instructed her to put her mouth on his penis, which she did briefly. When Doe was 10 or 11 years old, defendant put his hand inside her shirt and squeezed her breast when they were in her bedroom.

Defendant was charged by felony complaint with forcibly committing a lewd act on a minor under 14 years of age (Pen. Code, § 288, subd. (b)(1); count 1), oral copulation or sexual penetration of a child 10 years of age or younger (Pen. Code, § 288.7, subd. (b); count 2); and committing a lewd act on a minor under 14 years of age (Pen. Code, § 288, subd. (a); count 3). (Unspecified statutory references are to the Penal Code.) All counts involved Jane Doe.

As part of a negotiated disposition, the parties agreed to orally amend the complaint to add another forcible lewd act count involving the same victim (§ 288, subd. (b)(1); count 4) as well as an aggravating allegation to count 1 that the victim was particularly vulnerable. (Cal. Rules of Court, rule 4.421(a)(3).) Defendant pleaded no contest to counts 1, 3, and 4, and admitted the aggravating allegation as to count 1. The parties agreed to a determinate sentence of 17 years.

At the sentencing hearing, defense counsel stated defendant "believes that the sentence is too high and would like to withdraw from the plea." The trial court discussed the matter with defendant on the record. Defendant eventually confirmed that when he entered his plea he understood the prosecutor had sufficient facts to prove the case against him. He also acknowledged that the stipulated sentence would be substantially less than the possible indeterminate sentence he faced if the case went to trial.[1] The court concluded there was no good cause to delay sentencing.

---

[1] We note that at the sentencing hearing, defendant stated he was advised his exposure was 100 years to life, while the prosecutor clarified the maximum sentence would be 15 years to life plus 18 years. Despite those differing descriptions, which the

(*Continued*)

Consistent with the negotiated plea, the trial court sentenced defendant to 17 years in prison, consisting of: the upper term of 10 years for count 1 (§ 288, subd. (b)(1)); the lower term of five years fully consecutive for count 4 (§ 288, subd. (b)(1)); and two years for count 3 (§§ 288, subd. (a); 1170.1, subd. (a)). The remaining count was dismissed on the prosecution's motion. The court made a general order for restitution. The court waived all fines and fees, citing defendant's inability to pay under *People v. Dueñas* (2019) 30 Cal.App.5th 1157. Defendant received 439 days of presentence custody credit, representing 382 actual days and 57 good conduct days. (§ 2933.1.)

## II.   DISPOSITION

The judgment is affirmed.

court addressed with defendant, we understand the trial court to have concluded that there was no basis to challenge the validity of the plea, as it did not issue the certificate of probable cause requested by defendant.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.



_____

Lie, J.



H052655
*The People v. Pacheco Leon*